## MURPHY v. PARRY NAV. CO., Inc.

United States District Court
S. D. New York.
Jan. 25, 1950.

See also D.C., 87 F.Supp. 127.

726

Harry Eisenberg, New York City, for plaintiff.

Irving L. Evans, New York City, for defendant.

**IRVING R. KAUFMAN, District Judge.**

This Court has before it an application to dismiss the complaint herein for failure to state facts sufficient to constitute a cause of action. The defendant, Parry Navigation Company, was a General Agent under a WSA—GAA Agreement. Plaintiff was allegedly injured while employed as an ordinary seaman on the S./S. William Blount, which was owned by the United States of America. The management and handling of the business of said vessel was under the direction of the defendant for its said owner, the United States of America, under the terms of the wartime standard form of Agency or Service Agreement, GAA 4-4-42.

The decisions of the Supreme Court in Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317; Weade v. Dichmann, Wright & Pugh, Inc., 1949, 337 U.S. 801, 69 S.Ct. 1326; and Fink v. Shepard Steamship Co., 1949, 337 U.S. 810, 69 S.Ct. 1330, are controlling on the subject matter of this motion.

In the McAllister case, supra, the Supreme Court held that the United States Government and not the General Agent was the employer of a seaman working under the wartime standard form of agency agreement. This Court had occasion to hold the same in Bohannon (infant) v. American Petroleum Transport Corporation, D.C., 86 F.Supp. 1003, 1949 A.M.C. 2054. Indeed, Judge Ryan of this court in granting permission to the defendant in this very action to amend its answer to plead general agency, stated: "To permit the amendment would result in dismissal of the complaint." [87 F.Supp. 127]

A suit maintained under the Jones Act, 46 U.S.C.A. § 688, permits recovery only against the employer in fact. The United States of America, and not the defendant, being the true employer, this action must be dismissed.

Plaintiff has submitted, without proper notice to his opponent, a document which he calls a cross-motion, for an order granting leave to amend the complaint, to allege a tort by reason of misrepresentation and reliance upon the misrepresentation as to the true employer. The so-called cross-motion is denied. This is nothing but an attempt to breathe life into an otherwise dead complaint. The cause of action of plaintiff, if any, should be the subject matter of a separate suit.

The motions are disposed of as follows: Defendant's motion to dismiss the complaint is granted. Plaintiff's motion for leave to amend the complaint is denied. Settle order on notice.